**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CORY COUCH**, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § | |
| v. | § § | CASE NO._____ |
| **SOUTHWEST AIRLINES CO.**, a Texas Corporation, | § § § | COMPLAINT - CLASS ACTION |
| Defendant. | § § | |

**ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cory Couch, Plaintiff in the above entitled and numbered matter, complaining of Southwest Airlines Co. ("Southwest" or "Defendant") for its failure to award "Companion Passes" to its Rapid Rewards ("Rapid Rewards" or the "Program") customers in accordance with the Program's Terms and Conditions. Specifically, the Program's terms state repeatedly that points for Companion Passes will be earned on credit card purchases made during the *calendar year*[1], without disclosing that points earned on purchases after the close of the customer's billing cycle in December will actually be applied only towards the *next* calendar year. As such, Plaintiff and other class members rushed to complete purchases using their Rapid Rewards Credit Cards on the mistaken belief that the points from such purchases would count, for Companion

---

[1] "The calendar year is the period from January 1 to December 31 inclusive." *Wilburn v. State*, 824 S.W. 2d 755, 763 n.13 (Tex. App. 1992) (citing Black's Law Dictionary 204 (6th ed. 1990)).

Pass purposes, for the calendar year (January 1st – December 31st) in which the

purchases were made. Plaintiff, for such complaint, alleges and would respectfully show

the Court as follows:

## I. PARTIES

1.    Plaintiff Cory Couch ("Plaintiff" or "Couch") is a resident of Arizona.

2.    Defendant Southwest Airlines is a the world's largest low-cost air carrier

and a Texas corporation with its corporate headquarters located at Dallas Love Field

Airport, 2702 Love Field Drive, Dallas, TX 75235. Southwest is authorized to do

business in the State of Texas and can be served with process by serving its registered

agent in Texas, Corporation Service Company, at 211 East 7th Street, Suite 620,

Austin, Texas 78701.

## II. JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this case under 28 U.S.C. §

1332(d)(2). This Complaint alleges claims on behalf of a class of Rapid Rewards

members who are minimally diverse from Defendant. On information and belief, the

aggregate of these claims exceeds the sum or value of $5,000,000.

4.    Venue is proper before this Court under 28 U.S.C. § 1391(b)(2), as

Southwest's terms and conditions require that claims be filed in this District.

## III. THE NATURE OF THE COMPLAINT

5.    This is a class action lawsuit arising out of Defendant's Rapid Rewards

program, specifically the Program's "Companion Pass" feature. A Companion Pass is a

status that Rapid Rewards Program members can earn by flying Southwest Airlines

flights, buying products from Southwest partners, and by making purchases using the

Southwest Rapid Rewards Credit Card from Chase Bank USA, N.A. A Companion Pass, once earned, allows the Rapid Rewards member to designate a traveling companion to fly with the member for free for one year on Southwest Airlines flights. Thus, if a member has a Companion Pass and designates her husband, the member need only purchase one Southwest ticket and, using her Companion Pass, her husband will fly for free for a full year. Once a Companion Pass is earned in a calendar year, it is good for the remainder of that year and for the full following calendar year.

6.      The claims at issue in this case challenge the manner by which Southwest confers Companion Passes. Specifically, despite assurances that points can be earned throughout the *calendar year*, Southwest actually refuses to credit points earned on purchases made using the Southwest Rapid Rewards Credit Card (and potentially on flights booked) following the closing of the member's billing cycle that ends with a December date. Thus, if a member elects to have her billing cycle end on the 8th of the month, Southwest—without notifying its customers—will not credit points earned on purchases made after December 8th towards that year's points total, despite the fact that the points are earned from purchases made during the calendar year.

7.      As a result of this practice, and as explained further below, Southwest denies Companion Passes to members who have made purchases sufficient to earn the required 110,000 points during the calendar year. Hundreds if not thousands of members have been wrongfully denied their Companion Passes despite spending the required sums on purchases.

8.      Had Southwest clearly disclosed that purchases made after the billing cycle with a December closing date wouldn't count towards earning Companion Passes,

members would've: (1) adjusted their billing cycle end date to the end (or near end) of the month so as to ensure that points were credited prior to the close of the calendar year, (2) adjusted the timing of their spending to obtain a Companion Pass, or (3) refrained from spending extra sums following the last billing cycle date in December and prior to the close of the new year in a fruitless effort to obtain Companion Passes.

### Applicable Terms and Conditions Clearly Indicate That Points May Be Earned In a Calendar Year

9.     The Rapid Rewards program is subject to a morass of confusing and dense rules. As the Southwest Airlines Terms & Conditions state:

> Your use of this site and the information, content, and services available through the site are subject to the following Terms & Conditions ("Terms"), which may be updated by us from time to time without notice to you. You can review the most current version of the Terms & Conditions agreement at any time at http://www.southwest.com/html/about-southwest/terms-and-conditions/index.html. If you do not agree to any of these Terms, please do not use our sites.

> Transportation of passengers, baggage, and cargo by Southwest Airlines® and its affiliates is subject to the Terms & Conditions contained in Southwest's Contract of Carriage[2], in addition to any Terms & Conditions specified on any Southwest web site, printed on or in a ticket jacket, e-Ticket receipt, or in any published schedule. By purchasing a ticket and accepting transportation, the passenger agrees to be bound by such Terms & Conditions.

(*See* "Southwest Terms and Conditions", a true and accurate copy of which is attached as an Ex. A.) Indeed, by including any terms and conditions specified on any Southwest web site, consumers must dissect dozens of web pages to learn the applicable rules.

10.     The terms present on several Southwest.com web pages make it clear that Companion Passes are earned on points accumulated in a *calendar year* and that

---

[2] The Contract of Carriage contains no terms regarding the Rapid Rewards Program or the requirements for earning a Companion Pass.

points can be earned in a calendar year from taking qualifying Southwest flights and/or by earning points from Southwest partners or by spending money/making purchases using a Southwest Rapid Rewards credit card.

11.     Nowhere in any of the disclosures on the Southwest website or elsewhere that are pertinent to earning a Companion Pass are consumers ever notified that points earned on purchases made within a calendar year, but after the last billing cycle with a December closing date, do not count towards a Companion Pass. Likewise, nowhere do any of the disclosures notify consumers that capturing all spending in any calendar year is likely impossible, and that the only way to capture close or nearly all spending within a calendar year is to make the accountholder's billing cycle end on the last day of the year (though that doesn't guarantee that the points will post in time—sometimes it takes several days for Southwest to credit such points and the points could be transferred over the first few days of the following calendar year).

12.     Digging through the potentially-applicable terms is daunting, but the available terms make clear that points are earned on purchases made in a calendar year.

13.     The Rapid Rewards page on Southwest.com alone encompasses six tabs: (1) About, (2) How to Earn, (3) How to Redeem, (4) Tiers & More, (5) Partners, and (6) Promotions. Under Tiers & More, the page displays three cards—A-List, A-List Preferred, and Companion Pass. Under Companion Pass, it reads:

> Companion Pass Status. Your spouse, your best friend, or maybe your mother. Whomever you choose, your Companion can fly with you when you have Companion Pass status. Simply fly 100 qualifying one-way flights **_or earn 110,000 Qualifying Points in one calendar year_**. Companion Pass Program Rules <u>Learn More</u>.

(Tiers & More, attached as Ex. B.) (Emphasis added.)

14.    Next to this text is an image that explains: "Companion Pass Status. 100 one-way qualifying flights OR 110,000 Qualifying Points. ***In a calendar year***." (*Id.*) (Emphasis added.)

15.    Clicking on the "<u>Learn More</u>" link in the RR-T&C's brings up an FAQ with a link that leads to the Rapid Rewards Terms and Conditions. Clicking on the link pulls up the RR-T&Cs which provide, in pertinent part:

**Companion Pass**

•    A Member who earns 110,000 Qualifying Points or who flies 100 qualifying one-way flights booked through Southwest Airlines ***per calendar year*** will qualify for Companion Pass status, which entitles a designated traveling Companion to fly with the Member for one year on flights booked through Southwest Airlines.

•    Companion Pass Qualifying Points are earned from revenue flights booked through Southwest Airlines, points issued on Southwest Airlines Rapid Rewards Credit Cards, and points earned from Rapid Rewards Partners. Points purchased for personal use or as a gift, transferred points, points earned from program enrollment, tier bonuses, flight bonuses, and Rapid Rewards Partner bonuses (with the exception of the Rapid Rewards Credit Cards from Chase) do not count toward Companion Pass status.

•    ***Companion Pass qualification will be based on a calendar year.*** Once Companion Pass status is earned, the Member can begin using his/her Companion Pass immediately once they have designated a Companion. The Member will maintain Companion Pass status for the remainder of the calendar year in which the status was earned and for the entire calendar year immediately following. To continue receiving Companion Pass privileges, the Member must re-qualify each calendar year.

•    The Member will automatically be notified of Companion Pass eligibility and provided with Companion Pass rules and instructions for designating a Companion. The Member is limited to one Companion Pass at any time; however, the designated Companion can be changed up to three times during the validity period. The Member's designated Companion must be an individual. An individual may not travel as both a

> Member and a Companion on the same flight, except in Customer size instances. Corporations and other entities cannot be designated as Companions. A Member who is a Customer of size and earns a Companion Pass can use his/her Companion declaration for an extra seat as a seat. To declare the extra seat as the Companion, the Member must contact Customer Relations.

(*See* "RR-T&Cs", attached as Ex. C) (Emphasis added). This indicates that points issued on the Rapid Rewards credit cards are earned during the calendar year. There is no further indication in these terms for what it means for the points to be "issued" via the credit card.

16.     Under the Partners tab (Tab 5), a sub-tab contains information regarding "Southwest Airlines Rapid Rewards Cards." The page displays a chart, which contains certain terms regarding each of the three cards Southwest offers through Chase and Visa (the Premier Card, Plus Card, and Premier Business Card). For each card in the chart, a checkmark explains that the card allows user to, among other things:

> Earn 2 Points per $1 spent on Southwest Airlines® purchases made directly with the airline

> Earn 2 points per $1 spent on Rapid Rewards hotels and car rental partner purchases; and

> Earn 1 point per $1 spent on all other purchases.

(*See* Partners Page, attached as Ex. D.) As with the rest of the website, nowhere does this page disclose that earning points on the card for Companion Pass purposes will only occur on spending that is done prior to end of the billing cycle that has an end date in December, and that purchases made after that date are worthless with respect to earning a Companion Pass for the calendar year or that a customer should set their billing cycle date as the last date of December (or a few days prior, since its not clear whether posting and transferring the points to Southwest requires additional time) if they

wish to capture all of their December spending for that year, and that spending after that

date will only count for the following year's Companion Pass tally.

17.     The Southwest FAQs echo the representation that Companion Pass

points are earned during the calendar year, not just during a portion of it.

How do I qualify for a Companion Pass in the All-New Rapid Rewards program?

***To qualify for a Companion Pass, you will need to earn 110,000 Companion Pass points from any combination of Southwest Airlines flights and Rapid Rewards Partners per calendar year***, or fly 100 Southwest Airlines one-way qualifying flights ***per calendar year***.

How long does my Companion Pass last?

***Rapid Rewards Companion Pass qualification will be based on the calendar year***. ***Once it is reached, you will begin enjoying the benefits immediately.***  You will maintain your Companion Pass for the remainder of the calendar year in which you qualified and the entire calendar year immediately following the year in which you qualified.

(*See* FAQs, attached as Ex. E) (Emphasis added.)

18.     Similarly, the Southwest.com "Knowledge Center", a website linked from

the Rapid Rewards page that contains information similar to FAQs, explains that:

**How do I earn Companion Pass status?**
To earn Companion Pass, you need to take 100 qualifying one-way flights or earn 110,000 Qualifying Points*** ***in a calendar year***. As a Companion Pass Member, you can have your Companion fly with you for an entire year. (***Companion Pass Qualifying Points are earned from revenue flights, points issued on Southwest Airlines Rapid Rewards Credit Cards, and points earned from Rapid Rewards Partners.)

(*See* Knowledge Center Page, attached as Ex. F) (Emphasis added.)

19.     The member's monthly point accumulation tally gives the impression that

points may be transferred multiple times during the month and, in December, does

nothing to indicate that the earning period has reset and that points earned after the

December billing cycle end date (for Plaintiff, December 8, 2014) won't count towards

earning a Companion Pass.

20.     Finally with respect to pages identifiable as containing Southwest terms and conditions, members can, under the My Rapid Rewards tab, track their Companion Pass progress. The graphic shown to members specifically states "Rapid Rewards Members simply need to fly 100 qualifying one-way flights or earn 110,000 qualifying points from flights or Partners in one calendar year to earn Companion Pass." (*See* Rapid Rewards Account Page, attached as Ex. G.) In December, following the close of the member's billing cycle with an end date in December but prior to the close of the calendar year, the graphic doesn't update to signal to the member that earning points via the SWA Rapid Rewards Credit Card would only count for the following calendar year.

21.     Accordingly, the Rapid Rewards Companion Pass webpages, the Rapid Rewards Terms and Conditions, the FAQs, the Southwest Knowledge Center, and the tracker that members can follow all make clear that points are earned during the calendar year.

### The Southwest Airlines Rapid Rewards Premier Card Page

22.     Linked to the Southwest.com website is a promotional page detailing the Southwest Airlines Rapid Rewards premier credit card (https://creditcards.chase.com/a1/southwest/50KPremier? CELL=6PLT&clk=GSUBNAV-RR-AD2-VISA150107). Though Chase apparently hosts the site, its appearance mimics the color scheme of the Southwest.com website and, unless a consumer was paying careful attention, it isn't clear that Southwest doesn't control or have a substantial role in the content and appearance of the page. In any case, after repeating general terms of the cards, in fine

print the disclosures state that:

**Earning Points**

You will earn 2 points for each $1 of Net Purchases made directly with Southwest Airlines®, including flight, inflight, southwestgiftcard®, and Southwest Vacations package purchases, and at participating Rapid Rewards® Hotel and Rental Car Partners. You will earn 1 point for each $1 of all other Net Purchases. You will earn 1,500 Tier Qualifying Points (TQPs) for each $10,000 of eligible Net Purchases. TQPs are used solely towards elite status qualification. You will receive 6,000 points after your Anniversary. ("Anniversary" is the date that is twelve months after your enrollment date, and the same date each twelve months thereafter.) ("Net Purchases" are purchases of goods and services made by you or any authorized user on your account minus any returns or refunds, and do not include balance transfers, cash advances, cash-like charges such as travelers checks, foreign currency, and money orders, any checks that access your account, overdraft advances, interest, unauthorized or fraudulent charges, or fees of any kind, including an annual fee, if applicable.) You will also earn 1 point for each $1 of balance transfers for the first 90 days from your account open date. Maximum point accumulation on balance transfers is 15,000 points during the first 90 days, which equates to $15,000 in balance transfers. Maximum TQP accumulation is 15,000 points per Year, which equates to $100,000 in Net Purchases. There is no maximum number of points that you can accumulate on Net Purchases. ("Year" means, for your first year as a cardmember, the period beginning with your Enrollment Date through your billing cycle with a December closing date of that same year. For each year thereafter, "Year" means the twelve billing cycle period beginning the day after your billing cycle with a December closing date through your billing cycle with a December closing date of the next year.) See Southwest Airlines Rapid Rewards® Credit Card Program Rules and Regulations, which will be mailed after your account is established.

(*See* "SWA Chase Card Terms," attached as Ex. H.)

23.     While the term "Year" is defined and described with respect to Tier Qualifying Points, it is not applied to Companion Pass points, and the definition appears different from Calendar Year, which is used to describe Companion Pass points. A reasonable consumer would not be able to discern from this language that purchases made within the calendar year but after the billing cycle that ends with a December date

has passed would not count towards earning a Companion Pass for the calendar year in which they were actually earned.

24.     Tier Qualifying Points do not apply to earning a Companion Pass at all. Rather, Tier Qualifying Points pertain to the earning of A-List and A-List preferred status.

25.     Furthermore, the Southwest Airlines Rapid Rewards Credit Card Program Rules and Regulations ("SWA Credit Card Regs") that is ostensibly sent to consumers only *after* they are approved for the card doesn't indicate that Companion Pass points will only be earned through the billing cycle that ends with a December date either. Rather, the SWA Credit Card Regs state that "TQP/Point accrual will begin upon the Enrollment Date in the Program. ("Enrollment Date" is the day on which we approve you as a Program member.)" While the SWA Credit Card Regs state that "TQPs/points will be automatically transferred to your Southwest Airlines account at the end of each billing cycle," that statement is made in the context of point redemption, not Companion Passes, and nothing in that statement indicates that points need to be transferred prior to the close of the December billing cycle in order for Southwest to consider them as having been issued or earned for Companion Pass purposes during the calendar year.

26.     Accordingly, the applicable Terms and Conditions from the Southwest website provide that points will be issued and earned during the calendar year, and nothing on the Southwest website or in any other applicable terms makes clear that Companion Pass points can only be earned up until the end of the monthly billing cycle that ends on a December date or that purchases made after that date but during the calendar year will not count towards that calendar year's Companion Pass tally.

Furthermore, no documents on Chase's website or other Chase terms indicate—for

Companion Pass purposes or otherwise—that Southwest will only credit points earned

on purchases made prior to the closing date of the billing cycle that ends in December

as having been earned in the current calendar year.

27.     Additionally, Southwest doesn't appropriately train its customer service

personnel, who, when asked by customers whether points earned on purchases made

in December will count towards the current calendar year or whether they will only count

for the next year, answer that the points will be credited for the current calendar year.

As a result, members are induced to spend more money prior to the end of the calendar

year in an effort to obtain a Companion Pass without any hope of actually being

awarded one.

28.     As a result, consumers who have spent the money needed to earn

110,000 points during the calendar year have been improperly denied their Companion

Passes.

## IV. EVENTS PERTAINING TO PLAINTIFF AND THE CLASS

29.     Plaintiff Cory Couch is an Arizona resident. He became a Southwest

Rapid Rewards member and Rapid Rewards credit card accountholder in June 2014.

30.      Couch made several purchases with his Southwest credit card and took

Southwest flights throughout 2014.

31.     In the process, Couch accumulated, by December 2014, over 100,000

points.

32.     Couch called Southwest to inquire as to when points made on purchases

would be credited for the purposes of earning a Companion Pass. Consistent with the

Southwest website disclosures, customer service informed Couch that points earned on purchases made in December after his billing cycle that ended December 8, 2014 would be counted during the 2014 calendar year.

33.     Consistent with the terms and disclosures, Couch proceeded to make additional purchases using his Southwest Rapid Rewards Credit Card after December 8, 2014 believing the points earned on such purchases would be credited for Companion Pass purposes for the 2014 calendar year. Couch made over $10,800 in such additional purchases.

34.     Contrary to Couch's reasonable expectations under the Program's terms and disclosures that his purchases made in calendar year 2014 would count for Companion Pass purposes, Southwest did not credit the points earned on the purchases he made after December 8, 2014 but before the end of the month for Companion Pass purposes as having been made in the calendar year.

35.     As a result of Southwest's dishonoring of its terms promising to credit points earned during the calendar year, Couch and other members of the Class, defined below, were denied Companion Passes as they were promised. Likewise, Couch and other class members made purchases he wouldn't have otherwise made, enriching Southwest under conditions indicating it should not be allowed to keep such monies, which it receives as a revenue share in accordance with its contract(s) with Chase or Visa that govern Southwest Rapid Reward Credit Cards.

### V. CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Rule 23(a),

23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure of behalf a Class

consisting of:

> All Rapid Rewards members in the United States from February 1, 2011 to
> the present who made purchases sufficient to earn 110,000 Rapid
> Rewards points in a calendar year but who were not provided a
> Companion Pass as a result of Southwest's exclusion, for Companion
> Pass purposes, of points earned on Rapid Rewards Credit Card
> purchases that are made after the members' billing cycles with end dates
> in December, but prior to the end of the calendar year, from the calendar
> year in which the purchases were made.

Excluded from the Class are 1) any Judge or Magistrate presiding over this action and

their family members; 2) Defendants, Defendants' subsidiaries, parent companies,

successors, predecessors, and any entity in which Defendants have a controlling

interest, and their current or former officers and directors; 3) persons who properly

execute and file a timely request for exclusion from the Class; and 4) the legal

representatives, successors or assigns of any such excluded persons. Plaintiff

anticipates the potential need to amend the class definition following appropriate

discovery.

37.     Members of the Class are so numerous that joinder of all members is

impracticable. While the exact number of Class members is unknown to Plaintiff at this

time and can only be ascertained through appropriate discovery, Defendant failed to

provide Companion Passes to hundreds if not thousands of Rapid Rewards members

who earned 110,000 Rapid Rewards points in a calendar year. Defendant applied its

policies and practices of not counting points earned on the Chase Southwest Credit

Card until well after they are earned, of representing on its website that purchases

made during the calendar year would count for Companion Pass purposes, and other

practices set forth herein were applied uniformly and resulted in hundreds if not

thousands of unsuspecting consumers being denied their Companion Passes despite

spending the money to earn the points in the calendar year. Members of the Class can

readily be identified from Southwest and Chase's records, and all Class members can

be notified of the pendency of this action by mail and publication, using forms of notice

similar to those customarily used in consumer class action lawsuits.

   38. Common questions of law and fact exist as to all members of the Class.

Questions of law and fact common to the Class, that this litigation will provide common

answers (based upon common proof and evidence) include, without limitation:

  A. Whether under Southwest's Rapid Rewards Terms and Conditions and disclosures applicable to earning a Companion Pass, points earned on Rapid Rewards credit card purchases made during the calendar year will count for the calendar year in which they are made, and whether Southwest breached those terms;

  B. Whether Southwest's Rapid Rewards Terms and Conditions and disclosures applicable to earning a Companion Pass are clear or if they are susceptible to more than one reasonable interpretation (and are therefore ambiguous);

  C. Whether Southwest's Rapid Rewards Terms and Conditions and disclosures applicable to earning a Companion Pass must be construed against Southwest as the drafter;

  D. Whether Southwest breached its Rapid Rewards Terms and Conditions by not crediting points for Companion Pass purposes made on purchases after the member's billing cycle with a December close date until the next calendar year;

  E. Whether Class Members may obtain specific performance and receive their Companion Passes;

  F. Whether Southwest has acted or refused to act on grounds generally applicable to the Class as a whole;

  G. Whether Class members were induced into making additional purchases in December after their billing cycles had already closed on the mistaken belief that the points earned on such purchases would be applied, for Companion Pass purposes, to the calendar year in which such purchases were made;

  H. Whether Southwest has been unjustly enriched at the class members' expense such that it should be required to make restitution; and

I.      Whether Couch and the Class members are entitled to relief, and the nature of such relief.

39.     Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class members spent money on their Southwest Chase Credit Cards and otherwise accumulated the necessary points within the required calendar year but did not receive a Companion Pass from Southwest as promised under the Program rules and conditions. As such, Plaintiff and the Class members have suffered similar harm as a result of substantially similar conduct.

40.     Plaintiff has retained counsel competent and experienced in class and consumer litigation and intends to vigorously prosecute this action. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel. Plaintiff is a member of the proposed class and has no interests that are contrary to or in conflict with those of the Class that Plaintiff seeks to represent.

41.     Southwest has acted or refused to act on grounds generally applicable to the Class as a whole making declaratory and injunctive relief appropriate. Specifically, Southwest has done so by breaching the plain language of its Program terms and conditions indicating that points would be earned during the calendar year and by failing to clearly articulate that for Companion Passes purposes it wouldn't count points earned on purchases made via the SWA Rapid Rewards Card after the date in December that closes the member's billing cycle with a December end date—but prior to the close of the calendar year—until the next calendar year.

42.     At the same time, or in the alternative, a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The common questions set forth above predominate over any questions solely affecting

individual members of the Class. Indeed, hundreds or potentially thousands of individual trials are unnecessary to determine the legitimacy and legal sufficiency of Southwest's practices and policies described herein, which Southwest applied uniformly to the Class. A single trial is more economical and efficient with respect to adjudicating the legality of Southwest's practice of not crediting Rapid Rewards points earned on purchases made via its Rapid Rewards Credit Cards in accordance with its terms and conditions, which state that points will be counted towards the calendar year. Likewise, a single trial and common evidence will be needed to adjudicate whether Southwest's refusal to credit such points to the calendar year in which they were made for Companion Pass purposes breached its terms and conditions, and whether Southwest's failure to notify members that the only way to ensure points earned on purchases will apply to the current calendar year is to make them prior to the end date in December of the member's billing cycle that has a December end date breached the Program terms, were unclear or deceptive, or applied unconscionably to Rapid Rewards members.

43.     Given the limited resources of Class members, the complexity of the issues involved in this action, and the size of individual Class members' claims, few, if any, Class members could afford to seek legal redress individually for Southwest's actions. When Southwest's liability has been adjudicated, claims of all members of the Class can readily be determined by the Court. The class action will cause an orderly and expeditious administration of the Class claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured. Without a class action, the Class members will continue to suffer damages and Defendants' wrongful conduct will continue without a real remedy or a deterrent. Plaintiff knows of no difficulty

that will be encountered in the management of this action that would preclude its maintenance as a class action. Much of the information needed for administrative purposes relative to identity of the Class and calculation of damages are available from Defendant through its computerized records and databases, and from Chase's records.

## VI.  CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT
### (on behalf of Plaintiff and the Class)

44.     Plaintiff re-alleges the above paragraphs as if fully set forth herein.

45.     Southwest breached the Rapid Rewards Program terms, conditions, rules and disclosures by not crediting points from purchases made on the Southwest Rapid Rewards Credit Card after the member's billing cycle with a December end-date has closed but prior to the end of the calendar year until the next calendar year, effectively resetting the clock on members.

46.     At best, Southwest's Rapid Rewards Program terms are unclear and ambiguous with respect to how points are earned and the timing of when they are earned for the purposes of issuing Companion Passes. To the extent the terms are unclear, ambiguous, and/or susceptible to more than one reasonable interpretation, then they must be construed against Southwest as the drafter. Members have no authority to negotiate any of the Program barrage of terms.

47.     As a result of Southwest's breach, Plaintiff and the other members of the putative Class have been denied the benefit of their bargains and have suffered damages, including:

        a.     being denied their Companion Passes which have economic value that may be determined by expert testimony;

18

b.      monies they spent in December that they otherwise would not have spent, or would have allocated differently, had they known that Southwest (incorrectly) interpreted a calendar year as only including the first 11 months plus a few days in December, and that the clock had actually been reset such that any points earned on such purchases would only help the member qualify for the following calendar year.

48.      Providing Plaintiff and the putative class members with sufficient and adequate relief to meet their reasonable contractual expectations requires an order requiring that Southwest specifically perform under the Program terms and provide Plaintiff and the other class members with their Companion Passes, and extending the term of such passes for the length of time such members have gone without their Companion Passes.

49.      Further, providing adequate contractual relief requires an order permanently enjoining Southwest from continuing its policy of not crediting points earned after the billing cycle with a December end date has closed and requiring that Southwest provide adequate disclosures making clear its policies with respect to the crediting of Companion Pass points during a calendar year.

50.      As a result of such injuries and damages, Plaintiff, on behalf of himself and all others similarly situated, respectfully seeks damages and, where inadequate, specific performance, plus all other amounts to which he and the Class may be entitled under the law.

**COUNT II: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(on behalf of Plaintiff and the Class)**

51.      Plaintiff re-alleges the above paragraphs as if fully set forth herein.

52.     By failing to credit, for Companion Pass purposes, points earned on purchases made during the calendar year but after the billing cycle with a December end date has passed, and by failing to clearly disclose such a policy and practice, Southwest has breached the covenant of good faith and fair dealing.

53.     The Southwest terms leave to Southwest's discretion the manner by which points that are earned or accumulated through various channels will be counted for Companion Pass purposes. In wielding this discretion, Southwest has acted to frustrate the ability of Rapid Rewards members who spend sufficient monies to earn the points needed for a Companion Pass to receive the benefits of their respective (essentially identical) bargains.

54.     To the extent Southwest hasn't breached an express provision of its terms, its policies described herein breach the covenant of good faith and fair dealing, which is implied in every contract in Texas (and in most other States).

55.     As a result of Southwest's breach, Plaintiff and the other members of the putative Class have been denied the benefit of their bargains and have suffered damages, including:

a.      being denied their Companion Passes which have economic value that may be determined by expert testimony;

b.      monies they spent in December that they otherwise would not have spent, or would have allocated differently, had they known that Southwest interpreted calendar year as only being the first 11 months, plus a few days in December, and that the clock had actually been reset such that any points earned on such purchases would only help the member qualify for the following calendar year.

56.     Providing Plaintiff and the putative class members with sufficient and adequate relief requires an order requiring that Southwest specifically perform by providing Plaintiff and the other class members with their Companion Passes, and extending the term of such passes for the length of time such members have gone without their Companion Passes.

57.     Further, providing adequate relief requires an order permanently enjoining Southwest from continuing its policy of not crediting points earned after the billing cycle with a December end date has closed and requiring that Southwest provide adequate disclosures making clear its policies with respect to the crediting of Companion Pass points during a calendar year.

58.     As a result of such injuries and damages, Plaintiff, on behalf of himself and all others similarly situated, respectfully seeks damages and, where inadequate, specific performance, plus all other amounts to which he and the Class may be entitled under the law.

**COUNT III: ALTERNATIVE CLAIM FOR PROMISSORY ESTOPPEL**
**(on behalf of Plaintiff and the Class)**

59.     Plaintiff re-alleges the above paragraphs as if fully set forth herein.

60.     In the event no contract is found to have been formed or that is enforceable, Southwest should be estopped from denying Companion Passes to Plaintiff and the Class members.

61.     Southwest represented and promised that for Companion Pass purposes, points would be earned from purchases made on the Southwest Rapid Rewards Credit Cards during the calendar year.

62.     Relying on such representations and promises, Plaintiff and other members made purchases before the close of the calendar year.

63.     This reliance was reasonable in light of the language of the applicable terms and conditions, other Southwest disclosures, and statements of Southwest customer service personnel who confirmed that Companion Pass points on Rapid Rewards Credit Card purchases would be applied to the calendar year in which they were made.

64.     As a result of Southwest's failure to award Plaintiff and the other Class members Companion Passes, Plaintiff and the other members of the putative Class have been denied the benefit of their bargains and have suffered damages, including:

        a.      being denied their Companion Passes which have economic value that may be determined by expert testimony;

        b.      monies they spent in December that they otherwise would not have spent, or would have allocated differently, had they known that Southwest interpreted calendar year as only being the first 11 months, plus a few days in December, and that the clock had actually been reset such that any points earned on such purchases would only help the member qualify for the following calendar year.

65.     Providing Plaintiff and the putative class members with sufficient and adequate relief requires an order requiring that Southwest specifically perform under the Program terms and provide Plaintiff and the other class members with their Companion Passes, and the extending the term of such passes for the length of time such members have gone without their Companion Passes.

66.     Further, providing adequate relief requires an order permanently enjoining Southwest from continuing its policy of not crediting points earned after the billing cycle with a December end date has closed and requiring that Southwest provide adequate disclosures making clear its policies with respect to the crediting of Companion Pass points during a calendar year.

67.     As a result of such injuries and damages, Plaintiff, on behalf of himself and all others similarly situated, respectfully seeks damages and, where inadequate, specific performance, plus all other amounts to which he and the Class may be entitled under the law.

## COUNT IV: ALTERNATIVE CLAIM FOR UNJUST ENRICHMENT
### (on behalf of Plaintiff and the Class)

68.     Plaintiff re-alleges the above paragraphs, as well as the paragraphs below, as if fully set forth herein.

69.     In the event no contract is found to have been formed or that is enforceable, and given the unfair and deceptive nature of the conduct described herein, Southwest has been unjustly enriched, and will continue to be unjustly enriched, by its decision to deny Plaintiff and the other class members Companion Passes.

70.     Plaintiff and the Class members have provided benefits to Southwest in the hopes of earning sufficient points for Companion Passes. Plaintiff and the Class members did so by making purchases on their Southwest Rapid Rewards Credit Cards, and extra purchases prior to the end of the calendar year that they otherwise would have allocated differently.

71.     Southwest knows of and appreciates such benefits, which it receives a portion of through its contract with Chase, the bank that underwrites the card.

72.     Southwest further benefits because by not providing Companion Passes, it knows that such Rapid Rewards members, who've already spent monies to accumulate over 110,000 points, will need to pay out-of-pocket (or use up points) to pay for flights that would've been covered by the Companion Pass.

73.     Under the circumstances, Southwest should not be allowed to retain such benefits, should be disgorged of such benefits, and should be required to make full restitution to Plaintiff and the Class members.

## VII.     PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court enter judgment in his favor and against Defendants and enter an Order:

1.     Certifying the action as a class action and designating Plaintiff and his counsel as representatives of the Class;

2.     Entering declaratory judgment that Defendant's practice of not crediting points earned on Southwest Rapid Rewards Credit Card purchases made after the member's billing cycle date for the cycle that ends in December to the calendar year for Companion Pass purposes breaches its Rapid Rewards contracts with its members;

3.     Awarding specific performance where available;

4.     Awarding damages, including actual and compensatory damages, for increased monies spent on Rapid Rewards credit cards on the false understanding that such spending would result in points credited, for Companion Pass purposes, to the calendar year in which the purchases were made, lost interest, reasonable costs and attorneys' fees, punitive damages, and other damages in an amount to be determined at trial;

5.     Awarding equitable and injunctive relief for the Class, including enjoining Defendant from further breaches of its Rapid Rewards terms and conditions and other rules applicable to Companion Passes;

6.     Awarding pre- and post-judgment interest; and

7.     Granting such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated: February 6, 2015

Respectfully submitted,

Cory Couch, individually and on behalf of
a class of similarly situated individuals


By:  /s/ robert kleinman_____
          One of His Attorneys


Robert B. Kleinman
Admitted to the Northern District Court
Texas Bar No. 24055786
Kleinman Law Firm PLLC
404 W. 7th Street
Austin, TX 78701
Phone: 512.299.5329
Fax: 512.628.3390
robert@kleinmanlawfirm.com

Reid Elkus (Colorado Bar # 32516) (*pro hac vice* admission to be sought)
relkus@elkusandsisson.com
Elkus, Sisson & Rosenstein, P.C.
501 South Cherry St.
Suite 920
Denver, CO 80246
Phone: 303.567.7981
Fax: 303.431.3753

Steven L. Woodrow (Colorado Bar #43140) (*pro hac vice* admission to be sought)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (Colorado Bar #47642) (*pro hac vice* admission to be sought)
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave.
Suite 300
Denver CO, 80210
Phone: 720.213.0675
Fax: 303.927.0809